UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BIRD, | No. 2:13-cv-2549 MCD CKD PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF TEHAMA, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
3  490 U.S. at 327.
4       In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
9  upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct.
12 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416
15 U.S. 232, 236 (1974).
16      The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
17 unable to determine whether the current action is frivolous or fails to state a claim for relief.  It
18 appears, however, that plaintiff is attempting to bring an action under 42 U.S.C. § 1983 for
19 violation of his civil rights in connection with the prosecution and conviction of plaintiff for
20 unlawful fishing.  In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court
21 held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional
22 conviction or imprisonment cannot be maintained absent proof  "that the conviction or sentence
23 has been reversed on direct appeal, expunged by executive order, declared invalid by a state
24 tribunal authorized to make such determination, or called into question by a federal court's
25 issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  <u>Heck</u>, 512 U.S. at 486.  Under <u>Heck</u>, the
26 court is required to determine whether a judgment in plaintiff's favor in this case would
27 necessarily invalidate his conviction or sentence.  <u>Id</u>.  If it would, the complaint must be
28 dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  This

court finds that plaintiff's action implicates the validity of plaintiff's conviction. Plaintiff will therefore be afforded an opportunity to show that the conviction has been invalidated.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. No later than January 7, 2014 plaintiff shall show cause why this action should not be dismissed under Heck.

Dated: December 19, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3